UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE YOUNGS,<br><br>          Plaintiff,<br><br>    v.<br><br>J. BARRETTO, et al.,<br><br>          Defendants. | No. 2:16-cv-0276 JAM AC P<br><br>ORDER |

I.     Introduction

Plaintiff is a former state prisoner proceeding pro se with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983, together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Review of the docket demonstrates that plaintiff was released from prison shortly after filing both his original complaint and First Amended Complaint (FAC).[1] For the reasons set forth below, if plaintiff wishes to proceed with this action, he must file a Second Amended Complaint and pay the filing fee ($400.00), or submit a completed application to proceed in forma pauperis on the form used by nonprisoners, which is provided with this order.

---

[1] Plaintiff filed his original complaint on February 11, 2016, ECF No. 1; and his First Amended Complaint on February 18, 2016, ECF No. 4. Plaintiff was released from prison on April 18, 2016. See Youngs v. Dowlatshahi, Case No. 2:15-cv-2563 MCE KJN P, ECF No. 24.

1

## II. Request to Proceed In forma pauperis

Because plaintiff is no longer in custody, he must submit the filing fee ($400.00) or complete and submit a nonprisoner application to proceed in forma pauperis on the form provided herewith. See e.g. Adler v. Gonzalez, 2015 WL 4041772, at *1, 2015 U.S. Dist. LEXIS 85909 (E.D. Cal. July 1, 2015), report and recommendation adopted, 2015 WL 4668668, 2015 U.S. Dist. LEXIS 103386 (E.D. Cal. Aug. 6, 2015) (Case No. 1:11-CV-1915 LJO MJS), and cases cited therein. The Clerk of Court will be directed to send plaintiff a blank application to proceed forma pauperis used by non-prisoners in this district.

## III. First Amended Complaint

Absent a decision of this court authorizing plaintiff to proceed in forma pauperis, or plaintiff's payment of the filing fee, this court may not conduct a formal screening of the complaint. Nevertheless, the court explains the deficiencies in plaintiff's original and amended complaints, and provides the following guidance to plaintiff in attempting to state cognizable claims in a Second Amended Complaint.

### A. Exhaustion

Review of the underlying complaint and First Amended Complaint demonstrate that plaintiff did not exhaust his prison administrative remedies before commencing this action. See ECF No. 1 at 3, 5-6, 8-9; see also ECF No. 4 at 3, 5-6. Plaintiff readily concedes this fact, noting that he filed this action shortly after submitting an "emergency" appeal due to his imminent release date. See ECF No. 1 at 8-9.

If plaintiff were still incarcerated, dismissal of this action would be required. "The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." Ross v. Blake, 136 S. Ct. 1850, 1854-55 (June 6, 2016) (quoting 42 U.S.C. § 1997e(a)). The availability of administrative remedies must be assessed at the time the prisoner filed his action. Andres v. Marshall, 867 F.3d 1076, 1079 (9th Cir. 2017). "There is no question that exhaustion is mandatory under the PLRA[.]" Jones v. Bock, 549 U.S. 199, 211 (2007) (citation omitted) (cited with approval in Ross, 136 S. Ct. at 1856). The administrative exhaustion requirement is based

on the important policy concern that prison officials have "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones, 549 U.S. at 204.

However, because plaintiff is no longer incarcerated, he is no longer subject to the PLRA administrative exhaustion requirement, provided he proceeds with a Second Amended Complaint that states cognizable claims. See Jackson v. Fong, 870 F.3d 928, 937 (9th Cir. 2017) ("A plaintiff who was a prisoner at the time of filing his suit but was not a prisoner at the time of his operative complaint is not subject to a PLRA exhaustion defense.").

        B.      Potential Claims

              1.      Failure to Protect

Review of the FAC demonstrates that plaintiff may be able to state cognizable claims based on allegations that he was housed with a cellmate known by officers to be dangerous, and was then injured by the cellmate. To state a "failure to protect" claim, plaintiff is advised of the following legal standards. Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). This responsibility requires prison officials to protect prisoners from injury by other prisoners. Farmer v. Brennan, 511 U.S. 825, 833-34 (1994). A "failure to protect" claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842 (citations omitted). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. (citations omitted).

////

////

2. Retaliation

Plaintiff's additional allegation of retaliation and challenge to an earlier disciplinary conviction are less well pled, but plaintiff is advised of the following legal standards. Plaintiff alleges that defendants engaged in the challenged conduct in "retaliation for other lawsuites that I have filed. CCHCS Prison Personal has set me up for disciplinary by housing me with a inmate who is knowed to be a threat to himself and the safety and security of the institution . . . I was set up erroneously on Feb. 14, 2016." ECF No. 4 at 6 (sic).

Filing administrative grievances and initiating litigation are constitutionally protected activities, and it is impermissible for prison officials to retaliate against prisoners for engaging in those activities. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see also Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011) (prisoners retain First Amendment rights not inconsistent with their prisoner status or penological objectives, including the right to file inmate appeals and the right to pursue civil rights litigation). To sustain a retaliation claim, plaintiff must plead facts that support a reasonable inference that plaintiff's exercise of his constitutionally protected rights was the "substantial" or "motivating" factor behind the defendant's retaliatory conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) (citing Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 419 U.S. 274, 287 (1977). Plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the challenged conduct. Pratt, 65 F.3d at 806 (citing Rizzo, 778 F.2d at 532). Mere allegations of retaliatory motive or conduct will not suffice. A prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990). Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

4

exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (fn. and citations omitted). At the pleading stage, the "chilling" requirement is met if the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.'" Id. at 568, quoting Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). However, direct and tangible harm will support a First Amendment retaliation claim even without demonstration of a chilling effect on the further exercise of a prisoner's First Amendment rights. Rhodes, at 568 n.11. "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm" as a retaliatory adverse action.[2] Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009), citing Rhodes, 408 F.3d at 568, n.11.

### 3. Disciplinary Matters

Plaintiff alleges that prison staff "set him up" to defend himself against his cellmate and thereby accrue a disciplinary charge or conviction that would result in the forfeiture of his anticipated release date of March 4, 2016. Plaintiff was released about six weeks later. These allegations do not state a cognizable claim premised on the disciplinary charge itself. "Filing false allegations by itself does not violate a prisoner's constitutional rights so long as (1) the prisoner receives procedural due process before there is a deprivation of liberty as a result of false allegations, and (2) the false allegations are not in retaliation for the prisoner exercising constitutional rights." Davis v. Herrick, 2018 WL 934878, at *3, 2018 U.S. Dist. LEXIS 25302 (E.D. Cal. Feb. 15, 2018), report and recommendation adopted Mar. 20, 2018. Moreover, "[t]he issuance of Rules Violation Reports, even if false, does not rise to the level of cruel and unusual punishment." Cauthen v. Rivera, No. 1:12-cv-01747 LJO DLB PC, 2013 WL 1820260, at *10,

---

[2] Plaintiff need not prove that the alleged retaliatory action, in itself, violated a constitutional right. Pratt v. Rowland, 65 F.3d 802, 806 (1995) (to prevail on a retaliation claim, plaintiff need not "establish an independent constitutional interest" was violated); see also Hines v. Gomez, 108 F.3d 265, 268 (9th Cir.1997) (upholding jury determination of retaliation based on filing of a false rules violation report); Rizzo v. Dawson, 778 F.2d 527, 531(transfer of prisoner to a different prison constituted adverse action for purposes of retaliation claim). Rather, the interest asserted in a retaliation claim is the right to be free of conditions that would not have been imposed but for the alleged retaliatory motive. However, not every allegedly adverse action will support a retaliation claim. See e.g. Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on "the logical fallacy of post hoc, ergo propter hoc, literally, 'after this, therefore because of this'") (citation omitted).

2013 U.S. Dist. LEXIS 62472, at *24 (E.D. Cal. April 30, 2013) (citations omitted); Jones v. Prater, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2, 2012 U.S. Dist. LEXIS 76486, at *5-6 (E.D. Cal. June 1, 2012) ("[P]laintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendants issued a false rules violation against plaintiff."). For these reasons, it appears the alleged "set up" that plaintiff challenges may be actionable based only on failure to protect and retaliation grounds.

### C. Claims Must Be "Linked" with the Conduct of Specific Defendants

Each of plaintiff's claims must allege an actual connection or link between the alleged conduct of specifically identified, individual, defendants and plaintiff's alleged constitutional deprivations. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."). A complaint that fails to state the specific acts of defendant that allegedly violated plaintiff's rights fails to meet the notice requirements of Rule 8(a). Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

### IV. Leave to File Second Amended Complaint

Subject to the legal standards set forth above, plaintiff may file a proposed Second Amended Complaint (SAC) within thirty days after the filing date of this order. The SAC must be on the form provided herewith, labeled "Second Amended Complaint," and provide the case number assigned this case. The SAC must be complete in itself without reference to any prior pleading. See Local Rule 15-220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the prior pleadings are superseded. The SAC will be screened by the court pursuant to 28 U.S.C. § 1915A.

////

V.     Summary

To proceed with this action, you must first submit the filing fee ($400.00) or an application to proceed in forma pauperis on the form used by nonprisoners, provided with this order.

Additionally, you must submit a proposed Second Amended Complaint, taking into account the legal standards set forth in this order for stating specific claims against specific defendants. If you were still incarcerated, this action would be dismissed for failure to exhaust prison administrative remedies. However, because you have been released, you may pursue your claims despite failing to satisfy the PLRA exhaustion requirement.

You will have thirty days after the filing date of this order to submit a nonprisoner in forma pauperis application (or pay the filing fee of $400.00) and a proposed Second Amended Complaint. Failure to timely submit these items will result in a recommendation that this action be dismissed without prejudice.

VI.     Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's pending motions to proceed in forma pauperis , ECF Nos. 9 &10, are denied without prejudice.

2. Plaintiff shall, within thirty days after the filing date of this order:

   (a) complete and file the attached application to proceed forma pauperis used by nonprisoners in this district; and

   (b) file a proposed Second Amended Complaint (SAC).

3. Failure to timely file the completed in forma pauperis application and SAC will result in the dismissal of this action without prejudice.

4. The Clerk of Court is directed to send plaintiff, together with a copy of this order;

(a) a blank application to proceed forma pauperis used by non-prisoners in this district, and

////

////

////

(b) a blank complaint form used by prisoners and former prisoners in this district to pursue a conditions-of-confinement civil rights action under 42 U.S.C. § 1983.

IT IS SO ORDERED.

DATED: May 11, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE